UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____ :
                               :
WILLIAM LEE NORMAN, JR.,       :
                               :
        Plaintiff,             :   Civ. No. 14-660 (NLH)
                               :
    v.                         :   OPINION
                               :
NEW JERSEY DEPARTMENT OF       :
    TREASURY, et al.,          :
                               :
        Defendants.            :
_____:
```

APPEARANCES:
William Lee Norman, Jr., #38084
Salem County Correctional Facility
125 Cemetery Rd.
Woodstown, NJ 08098
    Plaintiff Pro se


HILLMAN, District Judge

    Plaintiff William Lee Norman, Jr. seeks to bring this civil

action in forma pauperis, without prepayment of fees or

security, asserting claims pursuant to 42 U.S.C. § 1983.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be

required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances,

however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in

installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month
that the amount in the prisoner's account exceeds $10.00, until
the $350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal
to 20% of the preceding month's income credited to the
prisoner's account. 28 U.S.C. § 1915(b)(2).

     Plaintiff may not have known when he submitted his
complaint that he must pay the filing fee, and that even if the
full filing fee, or any part of it, has been paid, the Court
must dismiss the case if it finds that the action: (1) is
frivolous or malicious; (2) fails to state a claim upon which
relief may be granted; or (3) seeks monetary relief against a
defendant who is immune from such relief. 28 U.S.C. §
1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. §
1915A (dismissal of actions in which prisoner seeks redress from
a governmental defendant); 42 U.S.C. § 1997e (dismissal of
prisoner actions brought with respect to prison conditions).  If
the Court dismisses the case for any of these reasons, § 1915
does not suspend installment payments of the filing fee or
permit the prisoner to get back the filing fee, or any part of
it, that has already been paid.

     If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that

was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to pay the filing fee or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2).  Accordingly, the Complaint will be administratively terminated.

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

To the extent Plaintiff requests that the Court "conjoin" the instant action with another case filed by Plaintiff in this district, Norman v. Merryville, et al., 13-6241 (NLH), the Court declines to do so in light of the administrative termination of

both cases for failure to submit a complete <u>in forma pauperis</u> application or pay the filing fee.

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 30 days.  An appropriate Order will be entered.

__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: April 29, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally submitted timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).